UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:21-CV-00501-BJB-LLK

CHRISTOPHER SCHMIDT                   PLAINTIFF

v.

LIBERTY MUTUAL FIRE INSURANCE COMPANY      DEFENDANTS

## OPINION & ORDER

Judge Benjamin Beaton referred this matter to U.S. Magistrate Judge Lanny King for resolution of all litigation planning issues, a scheduling conference, entry of scheduling orders, consideration of amendments thereto, and resolution of all non-dispositive matters, including discovery issues. [DN 6].

This matter is currently before the Court on the Plaintiff's Motion to Compel the Rule 30(b)(6) Deposition of a Corporate Representative of the Defendant and the Supplementation of Discovery Responses, [DN 15]. Defendant filed a Response to this Motion. [DN 19]. Plaintiff's Counsel indicated that he did not intend to file a Reply brief. Having received both briefings on the issues, the Motion is now fully briefed and ripe for adjudication. This Court previously addressed a similar motion. *See Dawkins*, No. 1:20-CV-00091-GNS-HBB, 2021 WL 2346016 (W.D. Ky. June 8, 2021). The Court finds Judge Brennenstuhl's reasoning in *Dawkins* persuasive and denies the Plaintiff's motion with regard to the 30(b)(6) deposition notice, and grants in part and denies in part Plaintiff's motion with regard to supplementation of written discovery responses.

## BACKGROUND

This action stems from a motor vehicle collision in which the Plaintiff suffered injury to his back and wrist. [DN 15]. The Plaintiff filed this action against the Defendant, Liberty Mutual

Fire Insurance Company, for under-insured motorist ("UIM") benefits. Plaintiff propounded Interrogatories, Requests for Production of Documents, and a request to take a 30(b)(6) deposition of one of Liberty Mutual's corporate representatives. *Id.*

Liberty Mutual objected to the deposition notice and written discovery requests, asserting that the information sought is privileged and not relevant to Plaintiff's UIM claim. Plaintiff argues that the information is not privileged and relevant to any contract claim.

## **DISCUSSION**

Rule 26 governs the scope of any discovery request. See Fed. R. Civ. P. 26. Specifically, Rule 26(b) instructs that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case …" Fed. R. Civ. P. 26(b)(1). In making a proportionality assessment, courts should consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*; Advisory Committee Notes 2015 Amendment. The Rule also instructs that information need not be admissible in evidence to be discoverable, assuming the information is within the scope of discovery. *Id.*

Plaintiff asserts that Kentucky law is clear that UIM claims are contract claims. (DN 15 at 7 citing *Kentucky Farm Bureau v. Ryan*, 17 S.W.3d 797 (Ky 2005)). Plaintiff asserts that since the claims are for breach of contract, "Plaintiff is entitled to present evidence and arguments at trial related to this contractual relationship." Id. at 8.

However, as Liberty Mutual has pointed out, in order for an insured to prevail in a case against an insurer under a contract of insurance providing UIM benefits, the Plaintiff must prove

2

(1) the offending motorist is a tortfeasor, and (2) the amount of damages caused by the offending motorist. *Coots v. Allstate Ins. Co.*, 853 S.W.2d 895, 899 (Ky. 1993); *U.S. Fid. & Guar. Co. v. Preston*, 26 S.W.3d 145, 148 (Ky. 2000); *Dawkins*, No. 1:20-CV-00091-GNS-HBB, 2021 WL 2346016, at *2 (W.D. Ky. June 8, 2021). Defendant does not dispute that Plaintiff satisfied the first requirement. [DN 4]. Defendant subsequently offered to settle Plaintiff's claim for benefits, which Plaintiff rejected. [DN 19 at 1]. Defendant argues that Plaintiff incorrectly identifies this action as a breach of contract action, because "there are no allegations that Liberty Mutual has disputed or denied coverage under the contract." *Id.* at 3. "Rather than stating a claim for breach of contract, Plaintiff is merely requesting payment of UIM benefits, which is an action for enforcement and recovery under the contract." *Id.*

## 30(b)(6) DEPOSITION NOTICE

The Plaintiff served a notice of deposition on Liberty Mutual pursuant to Fed. R. Civ. P. 30(b)(6) for the production of a corporate representative to testify on numerous topics, including but not limited to, coverage issues and policy information, policies and procedures, information regarding training and education of adjusters, corporate structure, revenue generating model, standards of care, history with the Plaintiff, and the identities of those individuals who adjust the claim. [DN 15-2].

At the outset, it is important to note that Rule 30(b)(6) testimony is different from that of a "mere corporate employee" because the witness in a Rule 30(b)(6) deposition represents the knowledge of the *corporation*, not the individual. *Richardson v. Rock City Mech. Co., LLC*, No. CV 3-09-0092, 2010 WL 711830, at *6 (M.D. Tenn. Feb 24, 2010) (citing *United States v. J.M. Taylor*, 166 F.R.D. 356, 360-61 (M.D.N.C. 1996). "Rule 30(b)(6) was designed to supplement existing discovery practice; and an 'overbroad Rule 30(b)(6) notice subjects the noticed party to

an impossible task.'" *Id.* citing *Reed* v. *Bennett,* 193 F.R.D. 689, 692 (D. Kan. 2000). Rule 30(b)(6) designees must be "educated and gain the requested knowledge to the extent that it is reasonably available to the corporation." *Pogue v, NorthWestern Mut. Life Ins. Co.*, No. 3:14-CV598-CRS, 2017 WL 3044763, at *8 (W.D. Ky. July 18, 2017). Thus, this Court has held that a designee "has a duty to reasonably obtain information from corporate documents, current or prior corporate employees, or any other sources reasonably available to the corporation." *Dawkins v. Knight Specialty Ins. Co.*, No 1:20-CV-00091-GNS-HBB, 2021 WL 2346016, at *2 (W.D. Ky. June 8, 2021).

Plaintiff offers no authority for his position that he is entitled to present evidence and arguments at trial related to the contractual relationship in this UIM claim.  Therefore, the only remaining issue in this case is the amount of damages caused by the tortfeasor, which forms the backdrop against which the relevance of proposed deposition topics must be analyzed.

Topics 11, 12, 13, and 19 appear to address whether the Plaintiff is entitled to UIM benefits under the policy.  Also as discussed above, coverage is not at issue, making these topics not relevant.

Topic 4 asks about Liberty Mutual's corporate structure.  It is unclear how Defendant's corporate structure could possibly be relevant to the amount of damages caused by the tortfeaor.

Topics 8, 9, and 10 specifically refer to Defendant's duty to adjust the clam in good faith. Plaintiff has not, to date, alleged any bad faith on the party of the Defendant in relation to the Plaintiff's request for benefits under the policy. This Court has held that "even where bad-faith is alleged in addition to an underlying personal injury action, courts routinely stay discovery on the bad-faith portion until the carrier's obligation to pay is established 'in order to avoid the product of privileged documents irrelevant to the contract action and prejudicial to the insurer in the

4

contract action." *Dawkins*, 2021 WL 2346016, at *3 (quoting *Gatewood v. Universal Underwriters Life Ins. Co.*, No. 5:06-CV-125-R, 2007 U.S. Dist. LEXIS 9710, at *5, 2007 WL 496375 (W.D. Ky. Feb. 7, 2007)). "It stands to reason that, where documents are subject to privilege protection, requiring a Rule 30(b)(6) witness to testify about the corporation's knowledge of the contents of those documents would also be barred by privilege." *Dawkins*, at *3. Therefore, the topics addressing bad faith are premature.

All remaining topics appear to go to how Liberty Mutual calculated the damages in this case, or calculated damages in any claim, or other bad faith issues. As previously discussed, any topics related to bad faith are premature.

While Plaintiff would be entitled to discover any factual information in Liberty Mutual's possession that would be evidence regarding Plaintiff's amount of damages, the topics concerning how Liberty Mutual used the factual information to calculate damages is not relevant to this remaining question. Because the Court finds that none of the proposed deposition topics are relevant for purposes of the current UIM claim, the Court need not address the issue of privilege.

## **WRITTEN DISCOVERY REQUESTS**

Plaintiff also moves to compel supplementation of a number of written discovery responses. First, Plaintiff moves to compel supplementation of Defendant's response to Interrogatory No. 5, which asks the identity of all persons that may have discoverable information. Plaintiff specifically moves for Defendant to identity the individuals associated with Liberty Mutual that may have discoverable information. Again, the sole remaining claim in this case is the amount of Plaintiff's damages. To the extent that Defendant has provided all evidence and factual information in its possession regarding this remaining claim, further supplementation would not be relevant.

Plaintiff next moves to compel supplementation of Defendant's answer to Interrogatory No. 6, requesting Defendant to identify and describe each and every document the Defendant has reviewed regarding the Plaintiff's basic reparations benefit/medpay claim and/or uninsured/underinsured motorist claim. Plaintiff correctly points out that the work/product/privilege work-product-privilege exception would not apply to factual evidence and documents in Defendant's possession. Plaintiff is entitled to supplementation of this response to the extent that Liberty Mutual must respond to the interrogatory regarding all non-privileged documents in its possession it has obtained regarding the amount of Plaintiff's damages, including medical records and documentation regarding the Plaintiff's lost wages.

Interrogatories 12, 13, 14 and 15 appear to be contention interrogatories regarding Plaintiff's damages and Defendant's legal theories. This Court has defined a "contention" interrogatory as one that "seek[s] to clarify the basis for or scope of an adversary's legal claims." *Davis v. Hartford Life & Accident Insurance Company*, 2015 WL 7571905 (W.D. Ky. 2015) (quoting *Starcher v. Corr. Med. Sys., Inc.*, 144 F.3d 418, 421 n.2 (6th Cir. 1998)). See also, *Myers v. Anthem Life Insur. Co.*, 316 F.R.D. 186, 198 (W.D.KY 2016). Further, the "general view is that contention interrogatories are a perfectly permissible form of discovery, to which a response ordinarily would be required." *Davis* quoting *Starcher*, 144 F.3d at 421 n.2. This Court has previously explained, in the context of an ERISA case,

> "[i]t is widely accepted that 'contention interrogatories' which ask a party to state the facts upon which it bases a claim or defense, are a permissible form of written discovery." Alexander v. Hartford Life & Acc. Ins. Co., 2008 WL 906786, *4, 2008 U.S. Dist. LEXIS 27210, *4 (N.D.Tex. Apr. 3, 2008). Furthermore, Rule 33(a)(2) of the Federal Rules of Civil Procedure states that "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact." Fed. R. Civ. P. 33(a)(2). "[T]he purpose of the discovery rules is to bring to light the parties' positions in an informed and controlled manner that winnows down the resolution of a dispute" to show the factual and legal issues." Burnett & Morand P'ship v. Estate of Youngs, No. 3:10–CV–3–RLY–WGH, 2011 U.S. Dist. LEXIS 36916, 2011 WL 1237950,

6

at *3 (S.D.Ind. Apr. 4, 2011). Therefore, when a party is asked to provide "contention type discovery [the party] must identify the witnesses and documents he/she has marshaled ... and to help illuminate the issues to be resolved as the responses and answers are due." *Id.*

*Davis*, 2015 WL 7571905 at *5

Neither party cites any authority to support their position regarding Interrogatories 12, 13, 14 and 15, and neither party addresses the issues raised by this Court in *Davis* and *Myers*. The Court finds that based on the current record, it is not clear whether these interrogatories are permissible contention interrogatories in the context of this UIM claim, and therefore the motion to compel these interrogatories should be denied without prejudice

Interrogatory 16 seeks dates Defendant became aware of the claim, received the first settlement demand, conducted its first evaluation, retained counsel, and received notice of the lawsuit. These questions are clearly directed toward a bad faith claim and not the underlying question of the amount of Plaintiff's damages. As discussed above, this Interrogatory is not relevant to the current claim and premature as to any future bad faith claim.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED:** Plaintiff's Motion to Compel, [DN 15], is **DENIED** with regard to the 30(b)(6) deposition.

Plaintiff's Motion to Compel with regard to Interrogatory 6 is **GRANTED** to the extent that Liberty Mutual must respond to the interrogatory regarding all non-privileged documents in its possession it has obtained regarding the amount of Plaintiff's damages, including medical records and documentation regarding the Plaintiff's lost wages.

Plaintiff's Motion to Compel is **DENIED** without prejudice as to Interrogatories 12, 13, 14, and 15.

Plaintiff's Motion to Compel is **DENIED** with regard to all other interrogatories at issue in this motion.

**IT IS SO ORDERED.**

June 16, 2022

Lanny King, Magistrate Judge
United States District Court

c:       Counsel of Record